FILED
United States Court of Appeals
Tenth Circuit

July 24, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DARLENE SCHMIDT,

Plaintiff - Appellant,

v.

GARY HERBERT, Governor,

Defendant - Appellee.

No. 19-4029
(D.C. No. 2:18-CV-00311-DAK)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.[1]

_____

Plaintiff Darlene Schmidt, appearing *pro se* appeals the district court's

dismissal of her case for failure to state a claim upon which relief may be granted.

---

[*] Plaintiff requests oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Plaintiff's request is therefore denied and the case is ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] On June 7, 2019, Plaintiff filed a motion to recuse all judges "who sat on Utah's Amendment 3 appeal". Plaintiff's motion cites no legal authority and presents no cogent argument demonstrating that any member of this panel should recuse. Our independent review of the issue suggests Plaintiff's motion is wholly without merit. Plaintiff's motion is therefore denied.

Because Plaintiff presents no legal basis demonstrating the district court erred in dismissing her Complaint, we affirm.

## I.

In 2018, Plaintiff filed a Complaint in the United States District Court for the District of Utah purporting to allege causes of action against Defendant Gary Herbert, the Governor of Utah. The Complaint, in fact, contained no factual allegations against Defendant and only two vague requests for relief. First, it requested that the district court clarify the meaning of a Utah statute. Second, it asked the district court to clarify "[t]he preamble's 'secured blessings of liberty to ourselves and our posterity' established June 1, 1788, that ourselves and our posterity are equal citizens with the same secured blessings of liberty." Defendant moved to dismiss the Complaint. In response to Defendant's motion to dismiss the Complaint, Plaintiff filed an "Objection to Striking My Complaint" in which she opposed Defendant's motion to dismiss.

The district court referred the case to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). In a careful and articulate report and recommendation, the magistrate judge explained that Defendant's Complaint was "cryptic", "unintelligible", and did not "contain well-pleaded factual allegations." Because the Complaint's allegations were so vague as to preclude the court from ascertaining Plaintiff's claims and the relief Plaintiff sought, the magistrate judge concluded the Complaint did not comply with Federal Rules of Civil Procedure 8 and 41.

Accordingly, the magistrate judge recommended that the district court dismiss the Complaint with prejudice.

The district court adopted the magistrate judge's report and recommendation. In doing so, the district court recognized its duty to construe Plaintiff's pleadings liberally, but concluded that even applying such a standard, it could not find "any actionable legal claims or facts to support such claims." The district court, therefore, dismissed Plaintiff's case for failure to state a claim upon which relief can be granted. Plaintiff then filed an "Objection to Judge Kimball's Order" which the district court denied. This appeal ensued.

## II.

We review de novo the district court's order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Sylvia v. Wisler, 875 F.3d 1307, 1313 (10th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

The record before the district court makes clear that Plaintiff did not satisfy the standard established in Iqbal. Plaintiff's Complaint and additional filings, as the magistrate judge noted, are "cryptic", "unintelligible" and do not "contain well-

3

pleaded factual allegations." To be sure, they contain no actionable allegations against Defendant. For this reason, we conclude the district court did not commit error by adopting the magistrate judge's report and recommendation and dismissing Plaintiff's Complaint.

Plaintiff's appeal fails for another reason as well. Federal Rule of Appellate Procedure 28 requires "a succinct, clear and accurate statement of the arguments made in the body of the brief[ ] and . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal quotation marks omitted). Briefing that contains only generalized assertions of error and which otherwise fails to comply with Rule 28 can "disentitle [a *pro se* litigant] to review by this court." Id. at 841.

Plaintiff's briefs do not comply with Rule 28. Rather than set forth reasoned legal argument, Plaintiff's briefs are rambling, vague, and do not direct the court to relevant or controlling authority. And to the extent Plaintiff asserts any error in the district court's order, she does so without developed argument. Because Plaintiff neglects to set forth her appellate argument in a manner consistent with our caselaw and the Federal Rules of Appellate Procedure, her appeal fails for that reason as well.

AFFIRMED.

                                       Entered for the Court


                                       Joel M. Carson III
                                       Circuit Judge